UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00836-GNS-LLK

THOMAS B. GIVHAN, et al.                                                                    PLAINTIFFS

v.

BULLIT COUNTY JOINT PLANNING COMMISSION, et al.                    DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to file the Amended Complaint (DN 31), and Defendants' Motions to Dismiss (DN 15, 22). The motions have been fully briefed and are ripe for decision. For the reasons stated below, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**, Defendants' motions are **DENIED AS MOOT**, and the remaining state law claim is **REMANDED** to state court.

### I.   STATEMENT OF FACTS AND CLAIMS

In 2019, Defendant Vertical Bridge Development, LLC ("Vertical Bridge") applied for a permit to construct a cellular tower on land owned by Defendant LJ Heimbrock, LLC ("Heimbrock") in Shepherdsville, Kentucky. (Compl. ¶¶ 6-7, DN 1-1). Plaintiffs Thomas B. Givhan, Aaron Givhan, Ellen Givhan, and John E. Spainhour (collectively "Plaintiffs") own property adjacent to the location of the proposed cellular tower and unsuccessfully opposed that application before Defendant Bullitt County Joint Planning Commission ("BCJPC"). (Compl. ¶¶ 1-4, 11-12).

Following BCJPC's decision, Plaintiffs filed a lawsuit in state court against Defendants BCJPC and its members in their official capacities, Heimbrock, and Vertical Bridge (collectively

1

"Defendants") in which Plaintiffs allege a violation of their rights under 42 U.S.C. § 1983 and a violation of state law. (Compl. ¶¶ 5-7, 20-21). Following removal, Defendants moved to dismiss the claims in the Complaint, which Plaintiffs have opposed. (Defs.' Mots. Dismiss, DN 15, DN 22; Pls.' Resp. Defs.' Mots. Dismiss, DN 32; Defs.' Reply Mots. Dismiss, DN 33, DN 34). Plaintiffs have also moved for leave to file an Amended Complaint, which Defendants have opposed. (Pls.' Mot. Leave, DN 31; Defs.' Resp. Pls.' Mot. Leave, DN 36, DN 37; Pls.' Reply Mot. Leave, DN 42, DN 43). These motions are ripe for adjudication.

## II. DISCUSSION

### A. Plaintiffs' Motion for Leave

As a preliminary matter, the Court will address Plaintiffs' motion because it resolves the issues raised in the other motions. Under Fed. R. Civ. P. 15, a motion for leave to file an amended complaint is governed by Fed. R. Civ. P. 15(a)(2), which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court should freely grant leave to amend a pleading "when justice so requires." *Id*. However, a court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The salient issue is whether the allegations in the Proposed Amended Complaint are futile.[1] As the Sixth Circuit has noted, "[t]his Circuit has addressed the issue of 'futility' in the context of motions to amend, holding that where a proposed amendment would not survive a motion to

---

[1] Because Count II is virtually identical in both the Complaint and Proposed Amended Complaint, the Court will address the sufficiency of those allegations in analyzing the futility of the Proposed Amended Complaint.

dismiss, the court need not permit the amendment." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980)). Under Fed. R. Civ. P. 12(b)(6), a complaint may be attacked for failure "to state a claim upon which relief can be granted." To satisfy this standard, a complaint must state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). However, "a Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004) (quotation omitted). In applying this standard, a court must construe all allegations in the light most favorable to the plaintiff, accept the allegations as true, and draw all reasonable inferences in favor of the plaintiff. *See Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). While all factual allegations in the complaint are accepted as true, "we need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby Cty.*, 220 F.3d 433, 446 (6th Cir. 2000) (citation omitted).

    1.  *Federal Claim*

For a plaintiff to assert a claim under Section 1983, "a plaintiff must allege the deprivation of a constitutional right caused by a person acting under [the] color of state law." *Bell v. Ohio State Univ.*, 351 F.3d 240, 248 (6th Cir. 2003) (citing *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998)). Count II of the Proposed Amended Complaint purports to assert a claim under Section 1983. (Proposed Am. Compl. ¶¶ 51-58, DN 31-1; Comp. ¶¶ 20-26). In particular, Plaintiffs reference alleged violations of their due process and equal protection rights. (Proposed Am. Compl. ¶¶ 56-57). While it is not clear whether Plaintiffs are alleging a substantive

or procedural due process claim, the Court will address both in considering whether these claims is futile and do not satisfy Fed. R. Civ. P. 12(b)(6).

### a. Substantive Due Process

As the Sixth Circuit has explained, "substantive due-process claims raised in the context of zoning regulations require a plaintiff to show 'that (1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action.'" *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (quoting *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir. 2008)). This is an exceptionally difficult standard to satisfy, and substantive due process does not "offer recourse for every wrongful action taken by the government." *In re City of Detroit*, 841 F.3d 684, 699 (6th Cir. 2016); *Guertin v. State*, 912 F.3d 907, 918 (6th Cir. 2019) (internal quotation marks omitted) (citation omitted); *see also Bell*, 351 F.3d at 249-50 ("The interests protected by substantive due process are of course much narrower than those protected by procedural due process.").

As the Sixth Circuit has noted:

> Whether a person has a "property" interest is traditionally a question of state law. However, "[a]lthough the underlying substantive interest is created by an independent source such as state law, federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause."

*EJS Props.*, 698 F.3d at 855-56 (internal citations omitted) (citation omitted). To support a substantive due process claim, such a property interest must rise to "the level of a fundamental interest . . . ." *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1350 (6th Cir. 1992) (internal quotation marks omitted).

Plaintiffs noted that they "have a clear property right in this action. Plaintiffs are the fee simple owners of an adjoining property." (Pls.' Reply Mot. Leave 12, DN 42). That is not the

4

proper focus for this case; no party appears to question that Plaintiffs have an ownership interest in their own property. The salient issue is whether Plaintiffs have a constitutionally protected interest implicated by an application for a permit to build a cellular tower on adjacent property.

As a sister court has noted as to Kentucky law, "state law creates for a property owner a legitimate entitlement to the enforcement of a zoning ordinance within the property owner's zone, if the violation threatens to destroy the benefits stemming from the ordinance or if the violation threatens to injure the property." *Anderson v. Collins*, No. 2:96-CV-269, 1998 WL 1031496, at *6 (E.D. Ky. July 14, 1998). However, "a landowner has no property right in the existing use of his neighbor's land . . . ." *Stratford v. State-House, Inc.*, 542 F. Supp. 1008, 1018 (W.D. Ky. 1982) (citation omitted). Plaintiffs, however, have not alleged any zoning violation; rather, they challenge the sufficiency of the application and their ability to present their opposition to the application during the hearing before the BCJPC.

In support of their motion, Plaintiffs reference the "due process protections of their property" at issue in *Hampson v. Boone County Planning Commission*, 460 S.W.3d 912 (Ky. App. 2014). (Pls.' Reply Mot. Leave 13, DN 42). The Kentucky Court of Appeals, however, did not address whether the neighboring property owners had a property interest under Kentucky law that would give rise to a substantive due process claim under Section 1983. Thus, *Hampson* does not support this claim.

Plaintiffs rely on *Metz v. Herbert*, 243 F. Supp. 3d 929 (M.D. Tenn. 2017), for the proposition that they have sufficiently stated a substantive due process claim based on a property interest. (Pls.' Reply Mot. Leave 15, DN 42; Pls.' Reply Mot. Leave 12, DN 43). In *Metz*, the plaintiffs challenged the local government's approval of a low-income housing development adjacent to their properties and asserted claims, *inter alia*, for violation of their due process rights

under Section 1983. *See id.* at 932-33. In ruling on the local government's motion to dismiss, the court considered whether the plaintiffs had stated violations of both their substantive and procedural due process rights. *See id.* at 939-40. In dismissing the substantive due process claim, the court reasoned:

> [T]he plaintiffs are not actually challenging zoning decisions that affect the use of their own properties but, rather, are challenging zoning decisions about the use of an adjacent parcel of land which might, in turn, affect their property values. The plaintiffs cite *Pearson v. City of Grand Blanc*, 961 F.2d 1211 (6th Cir. 1992), for the proposition that there may be a substantive due process violation based on arbitrary and irrational zoning changes, but *Pearson* is about a property owner's right to be protected against arbitrary zoning changes that wholly inhibit the use of their property. *Pearson* does not provide support for finding a substantive due process interest in the zoning of adjacent properties. . . . As discussed above, it is not at all clear that the plaintiffs even have the sort of interest in the zoning decisions being challenged here that would give rise to a procedural due process right, let alone the sort of right discussed in *Pearson* that would allow them to challenge Metro's decisions on substantive due process grounds.

*Id.* at 940.

The allegations in Proposed Amended Complaint and Complaint suffer from similar deficiencies. Reading those pleadings generously to assert a substantive due process claim, any alleged violation of those rights relates to neighboring property and the BCJPC's consideration of an application to build a cellular tower on that property. Because Plaintiffs have failed to allege a protected interest that would give rise to a substantive due process claim, the Court will dismiss this claim.

### b. Procedural Due Process

Plaintiffs also purport to assert a Section 1983 based on procedural due process. To state a procedural due process claim, a plaintiff must allege that: "(1) [he or she] had a life, liberty, or property interest protected by the Due Process Clause; (2) [he or she] was deprived of this protected interest; and (3) the state did not afford [him or her] adequate procedural rights prior to depriving

6

[him or her] of the property interest." *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006) (citation omitted). "Property rights are created and defined not by the Constitution but by independent sources such as state law." *Warren v. City of Athens*, 411 F.3d 697, 708 (6th Cir. 2005) (citation omitted). "[I]t is well-established that violations of state law do not 'automatically translate into a deprivation of procedural due process under the United States Constitution.'" *Wedgewood Ltd. P'ship I v. Twp. of Liberty*, 610 F.3d 340, 354 (6th Cir. 2010) (citation omitted).

> In dismissing the plaintiffs' procedural due process claim in *Metz*, the court explained:
>
> [T]he Sixth Circuit has held that procedural due process liability only arises where there is a clear property right that triggers due process protections. The only property interest asserted by the plaintiffs is in the value of their real property as it is impacted by the development of adjacent low-income housing. The Sixth Circuit held in [*Braun v. Ann Arbor Charter Township*, 519 F.3d 564, 573 (6th Cir. 2008),] that a property interest for due process purposes can be asserted where a plaintiff's own property is re-zoned in a way that unexpectedly changes the plaintiff's ability to use the property but that such a right cannot be asserted where a plaintiff simply desires an unpromised change in the zoning for his property, and that change is denied. In this instance, the plaintiffs are challenging the approval of final development plans for undeveloped land adjacent to their properties, where there are no allegations that these decisions affect the plaintiffs' use of their own properties. It is not entirely clear that this interest would give rise to a procedural due process right, particularly given the allegations in the Complaint that, even though there may have been changes to the development plans over time, the land has not yet been fully developed, nor have the development plans been finalized and approved. It is not, then, at all clear that a change to the conditionally approved development plans can be found to be unexpected or to constitute any true substantive change to the reasonable expectations the plaintiffs may have had about this undeveloped PUD in their neighborhood. Even though the plaintiffs have alleged an economic interest in the final development plans, they have not alleged a sufficient expectation that any particular plan (or resulting impact on their property values) would remain in place so as to give rise to a right protected by due process. Accordingly, the plaintiffs have not sufficiently alleged a procedural due process violation.

*Id.* at 939-40 (internal citation omitted).

As stated above, Plaintiffs have no property interest in adjacent property under Kentucky law. They have not cited any Kentucky case law to support that conclusion. Accordingly, they have failed to state a Section 1983 for a violation of their procedural due process rights. Plaintiffs' motion will be denied as futile on this basis.

        **c.**        **Equal Protection**

Under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, no state shall "deny to any person within its jurisdiction the equal protection of law." U.S. Const. amend. XIV § 1. "To establish an equal protection claim under § 1983, Plaintiff must show that she is a member of a protected class and that she was intentionally and purposefully discriminated against because of her membership in that protected class." *Jones v. Union Cty.*, 296 F.3d 417, 426 (6th Cir. 2002) (citing *Boger v. Wayne Cty.*, 950 F.2d 316, 325 (6th Cir. 1991)); *see also Foster v. Michigan*, 573 F. App'x 377, 396 (6th Cir. 2014) ("A prima facie case of discrimination requires a plaintiff to show that she was treated differently than others outside of the protected class."); *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990), *abrogated on other grounds by King v. Hardwood*, 853 F.3d 568, 580 n.4 (6th Cir. 2017) ("To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." (citation omitted)).

In both the Proposed Amended Complaint and Complaint, Plaintiffs make a passing reference to their equal protection rights in two successive paragraphs without sufficiently stating the elements of such a claim. (Proposed Am. Compl. ¶¶ 56-57; Comp. ¶¶ 24-25). Such scant allegations, however, are insufficient to state an equal protection claim under Section 1983. Accordingly, Plaintiffs' motion will be denied on this basis.

### 2. *State Law Claim*

In the Proposed Amended Complaint, Plaintiffs have made significant revisions and additions to the allegations in support of their state law claim. In challenging Plaintiffs' motion, however, Defendants do not attack the sufficiency of allegations but instead argue that the claim is moot because the application would have been approved by operation of law even if the BCJPC failed to take action. (Defs.' Resp. Pls.' Mot. Amend 7-8).

Defendants' argument, however, would preclude any judicial review of the application process, and KRS 100.987 specifically provides that "[a] party aggrieved by a final action of a planning commission under the provisions of KRS 100.985 to 100.987 may bring an action for review in any court of competent jurisdiction." KRS 100.987(10); *see also* 47 U.S.C. § 332(c)(7)(B)(v) ("Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction."). Therefore, Defendants' argument is rejected, and Plaintiffs' amended state law claim in the Proposed Amended Complaint is not futile on that basis. Accordingly, the Court will grant leave to file the Proposed Amended Complaint as to Count I.

### B. Defendants' Motions to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants have also moved to dismiss the claims asserted in the Complaint. (Defs.' Mot. Dismiss, DN 15; Def.'s Mot. Dismiss, DN 22). Because the allegations in the Proposed Amended Complaint subsume the allegations in Complaint and the Court has addressed the sufficiency of the allegations in the Proposed Amended Complaint, the Court will deny these motions as moot. *See Herran Props., LLC v. Lyon Cty. Fiscal Ct.*, No. 5:17-CV-00107-GNS, 2017 WL 6377984, at *2 (citing *Cedar View, Ltd. v. Colpetzer*, No. 5:05-CV-

00782, 2006 WL 456482, at *5 (N.D. Ohio Feb. 24, 2006)); *Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

### C. Supplemental Jurisdiction

Because the federal claim has been dismissed, the Court must determine whether to exercise supplemental jurisdiction over the sole remaining claim based on state law. The Sixth Circuit has stated that "[a] federal court that has dismissed a plaintiff's federal-law claims should ordinarily not reach the plaintiff's state law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (citing 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). In particular, "[t]he Sixth Circuit 'applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction "only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues."'" *Southard v. Newcomb Oil Co.*, No. 3:18-CV-803-CRS, 2019 WL 961988, at *3 (W.D. Ky. Feb. 27, 2019) (quoting *Packard Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011)).

This case is still in its infancy, and above the Court has permitted Plaintiffs to amend their state law claim. Because of the posture of this case, the Court declines to exercise supplemental jurisdiction over the state law claim in the Proposed Amended Complaint and will remand this matter to Bullitt Circuit Court pursuant to 28 U.S.C. § 1367(c)(3). *See Skipper v. Clark*, 150 F. Supp. 3d 820, 828-29 (W.D. Ky. 2015) (citation omitted) (remanding the case to state court and declining to exercise supplemental jurisdiction over the state law claims following the dismissal of the federal claims providing the basis for federal jurisdiction).

### III.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiffs' Motion for Leave to File Amended Complaint (DN 31) is **GRANTED IN PART** and **DENIED IN PART**, and Defendants' Motions to Dismiss (DN 15, 22) are **DENIED AS MOOT**. Count II is **DISMISSED**.

2. Because Count I only states a state law claim, this Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), and this matter is **REMANDED** to Bullitt Circuit Court.

3. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

March 18, 2021

cc:     counsel of record
        Clerk, Bullitt Circuit Court (Civil Action No. 19-CI-1048)